IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW MONCADA,

    Petitioner,                    No. 2:10-CV-3285 JAM GGH P

    vs.

K. ALLISON, Warden,          FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner, a California state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2007, petitioner pled no contest to one count of attempted murder with admissions of criminal street gang and firearm use enhancements, and one count of conspiracy to sell methamphetamine, and received a 29 year sentence on the convictions.

        Petitioner now claims that the trial and appellate courts violated his Sixth Amendment right to the assistance of counsel at a critical stage in the proceedings and Fourteenth Amendment right to due process when they reviewed in camera affidavits based on information provided to the affiant from a confidential informant, and made in support of the state's applications for warrants to place wiretaps on two of petitioner's phones and to place a global positioning service (GPS) device on petitioner's car. Respondent has filed an answer to the

1

petition, arguing that petitioner's no contest plea bars review of petitioner's claims under <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct 1602, 1608 (1973).   After carefully considering the record, the undersigned recommends that the petition be denied.

<u>Background</u>

The following facts are taken from the Opinion of the Court of Appeal of the State of California, Third Appellate District:

> On April 18, 2006, pursuant to a search warrant, Detective Kevin Steed installed a GPS (global positioning system) satellite tracking device on a Lexus automobile used by [petitioner].  The unsealed portion of the affidavit established that Steed began investigating [petitioner] in January 2006 based on information provided to him by a confidential informant that [petitioner] was distributing large quantities of methamphetamine throughout the Sacramento area.  During four controlled buys, surveillance teams, who were attempting to learn of [petitioner's] sources, were thwarted in their efforts to follow defendant because of his "counter surveillance techniques," namely, his aggressive driving, which made it impossible for the teams to follow him.  Hence, the GPS device was necessary.
>
> On May 16, 2006, Steed obtained a wiretap warrant for two of [petitioner's] cell phones along with an order sealing a portion of the supporting probable cause affidavit.  The unsealed portion of the affidavit essentially repeated the efforts made by law enforcement to discover [petitioner's] sources so that law enforcement could dismantle the distribution organization of which [petitioner] was a part.

Lodged Doc. No. 1 at 2.

The issuing courts ordered that portions of Det. Steed's warrant affidavits remain under seal. CT 0508, RT 28.

Petitioner was subsequently charged with, among other things, attempted murder, conspiracy to commit murder, and conspiracy to sell methamphetamine.  Lodged Doc. No. 2 at 1-2. On June 13, 2007, petitioner, through counsel, moved to unseal the sealed portion of the wiretap warrant affidavit. CT 435. According to counsel for the petitioner, counsel sought to review the sealed information in order to attack the underlying search warrant. <u>See</u> RT 2 - 5; 15-16.

Counsel for the petitioner did not file a separate motion to unseal the affidavit filed in connection with the GPS warrant. Lodged Doc. No. 2 at 7; RT 28.

2

1         On August 16, 2007, after two hearings, the trial court issued an amended order denying petitioner's motion to unseal the sealed portions of the wiretap warrant:

> Defendant Andrew Xavier Moncada filed a "Motion to Unseal Search Warrant Affidavit" with the court. Thereafter, it was the understanding of the parties and the court, that the court was to undertake an in camera review of the sealed portion of the affidavit in support of the wiretap warrant, only to determine whether within the four corners of the sealed and unsealed portions of the affidavit there is probable cause in support of the issuance of the wiretap warrant, including a determination of whether the affidavit supports the magistrate's finding of the necessity for the issuance of the wiretap warrant and the existence of a conspiracy involving sales or transactions of three pounds or more of methamphetamine.
>
> The court has undertaken the agreed-upon review, and determined that together, the sealed and unsealed portions of the affidavit contain sufficient probable cause in support of the issuance of the wiretap warrant, including necessity for the issuance of the wiretap warrant and the existence of a conspiracy involving sales or transactions of three pounds or more of methamphetamine.
>
> The order does not preclude the defendant from seeking other relief not related to challenging the sufficiency of the probable cause in support of the issuance of the wiretap warrant.
>
> The court has also reviewed the supplemental declaration of Detective Steed dated July 17, 2006 and finds that the declaration sets forth good cause to maintain the confidential nature of the seal affidavit....

CT 272-274.

        On July 16, 2007, petitioner, through counsel, also moved to suppress evidence resulting from the wiretap, and from the installation of the GPS device. CT 126, 213.[1] On August 24, 2007, after a hearing at which the court advised the parties that he had reviewed the warrants and "both the sealed and unsealed portions of the affidavits in support," (RT 21:27-22:2), a different trial court judge orally denied petitioner's motions to suppress. RT 21-40.

\\\\

\\\\

---

[1] According to appellate counsel for the petitioner, the motions were styled as ones to suppress, but the parties effectively treated the motions as ones to traverse and to quash the subpoenas. See Lodged Doc. 2 at 3, n.3.

On October 1, 2007, petitioner withdrew his prior plea and entered a plea of no contest to the charges of attempted murder; and conspiracy to sell methamphetamine.[2]  CT 0015, 0391, 0412; RT 83-106.  Petitioner further admitted the enhancements appurtenant to the attempted murder charge; namely, that he had used as well as intentionally and personally discharged a firearm, and that the attempted murder had been committed to promote, further, and assist a criminal street gang.  Id.  The trial court sentenced petitioner, consistent with his plea agreement, to a determinate term of 29 years.  CT 0391; RT 107-119.

Petitioner timely appealed the judgments and sentence, alleging that the trial court erred in denying his motions to suppress.  Before the Court of Appeals, petitioner argued: (1) that the trial court erred in denying petitioner's motion to suppress evidence resulting from installation of the GPS device; (2) that  trial counsel was ineffective for failing to move to unseal the affidavit submitted in connection with the GPS warrant; and (3) that the trial court erred in denying petitioner's motion to suppress evidence resulting from the wiretap.  See Lodged Doc. 2.  The Court of Appeals' decision, filed June 30, 2009, reads that, pursuant to People v. Hobbs, 7 Cal.4th 948 (1994), the Court reviewed the sealed affidavits and found that probable cause and necessity supported issuance of the warrants.[3]  See Lodged Doc. 1 at 3.  The Court of Appeals

---

[2] Under California law, a plea of nolo contendre has the same effect as a plea of guilty. See, e.g., Cal. Penal Code § 1016.  Accordingly, federal constitutional principals governing guilty pleas apply to petitioner's claims in the instant case.  Miller v. McCarthy, 607 F.2d 854, 856 (9th Cir. 1979).

[3] Under the Hobbs decision, the California Supreme Court held that any or all of a search warrant affidavit may be sealed if necessary to implement that state's "informant's privilege," and to protect the identity of a confidential informant.  7 Cal.4th at 971.  The court directed that "[o]n a properly noticed motion by the defense to quash or traverse the search warrant, the lower court should conduct an in camera hearing....It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity.  It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed...."  Id. at 972.
　　The precise standard of review to be applied at the in camera proceeding will depend in part on the nature of the motion or motions noticed by the defendant.  Id. at 973.  For example, in evaluating a motion to traverse the warrant:
> If the affidavit is found to have been properly sealed,....the court should then
> proceed to determine whether the defendant's general allegations of material

4

further determined that the wiretap affidavit must remain sealed. Id. Finally, the Court of Appeals rejected petitioner's arguments that the trial court erred in denying his motions to suppress, or that trial counsel was ineffective for failing to move to unseal the GPS affidavit. Id.

On August 11, 2009, petitioner filed a petition for review with the California Supreme Court. See Lodged Doc. No. 5. Among the questions petitioner presented was whether the trial and appellate court's in camera review of the sealed affidavits afforded petitioner due process of law under the Fourteenth Amendment, or was petitioner prejudicially deprived of the adequate assistance of counsel under the Sixth Amendment. See Lodged Doc. No. 5 at 2.[4] On September 17, 2009, the California Supreme Court summarily denied review. See Lodged Doc. No. 6.

The Current Petition

On December 28, 2009, petitioner filed the current petition pro se. Petitioner alleges that, pursuant to the Order of the magistrate judge in Moeller v. Lockyear, No. CIV-S-01-2351 FCD JFM P, 2009 U.S. Dist. LEXIS 13061 (E.D. Cal. Feb. 20, 2009,) the state trial and appellate courts violated his Sixth and Fourteenth Amendment rights because they prevented his attorney from participating in the "in camera" Hobbs review of the sealed portions of the warrant affidavits. Such prevention, petitioner argues, amounts to a denial of counsel in critical proceedings because it handicapped his ability to make the requisite showing to obtain a hearing

---

> misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit....Generally, to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made "knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause. (citations omitted)

Id. at 974. Whether the motion before the court is one to traverse or one to quash, if the trial court finds that the defendant has not met the requisite standard, the trial court is required only to "report this conclusion to the defendant and enter an order denying" the motion. Id. at 974, 975.

[4] The remaining questions raised by the petition for review were: (1) was the GPS warrant supported by probable cause; (2) was the wiretap warrant supported by probable cause; and (3) whether the sealed and unsealed portions of the wiretap affidavit established that a wiretap was necessary under state and federal law. Lodg. Doc. at 2.

under Franks v. Delaware, 438 U.S. 154, 170 (1978) (accused retains right to make legitimate attacks on validity of government's search warrant affidavits by making a preliminary showing that false statements were made in said affidavits and that false statements were made with knowing disregard for the truth).

Petitioner further argues that the trial court erred by not further investigating factual mis-statements by the informant, presented to the trial court by petitioner's counsel based upon counsel's review of the unsealed portions of the affidavit.

As discussed further below, the undersigned recommends that the petition be denied because: (1) petitioner waived the "pre-plea" claims he raises in his instant petition when he pled no contest to the charges of which he stands convicted; and (2) to the extent petitioner's claims are not waived, petitioner has failed to establish that the state court decisions were clearly erroneous or objectively unreasonable.

Applicable Law

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254; see also Premo v. Moore, — U.S. —, 131 S.Ct. 733, 739 (2011). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, and so the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. See 28 U.S.C. § 2254(d); see also, e.g., Harrison v. Richter, — U.S. —, 131 S.Ct. 770, 783-84 (2011) ("....the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")  The question under AEDPA is not whether a

federal court believes the state court's determination was incorrect but whether that determination was unreasonable, a substantially higher threshold. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933 (2007).

In applying AEDPA's standards, the federal court must identify the state court decision that is appropriate for our review. Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991). To the extent no such reasoned opinion exists, courts must conduct an independent review of the record to determine whether the state court clearly erred in its application of controlling federal law, and whether the state court's decision was objectively unreasonable. Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000). When it is clear, however, that the state court has not decided an issue, the federal court reviews the question de novo. Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

Timeliness

Any petition seeking review of the claims raised by petitioner was due within one year of September 17, 2009, the date on which petitioner's sentence became final. See 28 U.S.C. § 2244(d)(1)(A). As this petition was filed within one year of September 17, 2009, it is timely.

Exhaustion

Exhaustion requires that a petitioner provide the state courts with the opportunity to rule on a petitioner's federal habeas claims before presenting those claims to the federal courts. See Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).

In this case, petitioner presented his Sixth and Fourteenth Amendment claims to the state Court of Appeals and to the state Supreme Court. Petitioner's claims are exhausted.

Effect of Petitioner's Plea

Respondent argues that federal habeas relief is unavailable to petitioner because he pled no contest to the charges of which he stands convicted, and because petitioner does not attack the voluntary or intelligent nature of the plea. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). In response, petitioner alleges that "it was due to counsel's inability to effectively attack the evidence brought by the prosecution that forced Petitioner to plead guilty to the charges." Doc. No. 18, p. 5.

Petitioner additionally argues that, under Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886 (1975), he is allowed to raise constitutional challenges in this federal petition because the state allowed him to appeal the denial of his suppression motions even though he had pled guilty.

*Applicable Law*

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence. Accordingly, when the judgment of conviction becomes final and the offender seeks to reopen the proceeding, the inquiry is normally confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, forecloses the collateral attack.

United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757 (1989).

> [A] guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).

*Analysis*

Petitioner is correct that, when state law permits a defendant to plead guilty without forfeiting the right to judicial review of specified constitutional issues, that defendant is

8

not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding. See Lefkowitz v. Newsome, 420 U.S. at 293. For example, in California, defendant who plead guilty may challenge the trial court's denial of a motion to suppress if the defendant is challenging the legality of the search and seizure. See Cal. Penal Code § 1538.5(m) ("A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence.")

The Lefkowitz exception does not apply in this case, though, because petitioner does not challenge the validity of the search, or the denial of the motion to suppress. Cf. People v. Hobbs, 7 Cal. 4th at 955-57 (defendant's challenge on direct appeal to trial court's denial of motion to quash and to traverse search warrant after no contest plea is allowable). Instead, he alleges that the state's Hobbs procedures are unconstitutional, and that, in following those procedures, the state courts denied him due process and counsel at a critical stage.

. The trial court denied petitioner's motions to suppress before he pled no contest. Although petitioner summarily characterizes his decision to plead as one into which he was "forced" by the trial court's decisions, he provides no support to establish that his plea was legally involuntary. See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief). Accordingly, petitioner's claims are waived by his no contest plea, and the petition should be denied.

The claims would also fail on their merits. The Supreme Court has approved the use of in camera hearings to balance the competing interests between the public's need to protect a confidential informant's identity and the criminal defendant's right to access information when challenging a search warrant or preparing a defense. See, e.g., Penn v. Ritchie, 480 U.S. 39, 59-

9

61, 107 S.Ct. 989 (1987). So has the Ninth Circuit. See, e.g., United States v. Anderson, 509 F.2d 724, 730 (9th Cir. 1974); United States v. Rawlinson, 487 F.2d 5 (9th Cir. 1973).

Petitioner's citations to Moeller are unavailing, as the Moeller magistrate judge decision was overruled by the district court and the Court of Appeals. See Moeller v. Harris, 2011 U.S. App. LEXIS 8567 (9th Cir. Apr. 25, 2011); Moeller v. Lockyer, 2009 U.S. Dist. LEXIS 95309 (E.D. Cal. June 23, 2009).

Petitioner accordingly has not established that the state courts' conduct of the Hobbs hearings resulted in either a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d); Premo v. Moore, 131 S.Ct. at 745.

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

////

////

constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

DATED: October 25, 2011

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb/monc3285.fr